Usinor Sacilor, Sollac and GTS, plaintiffs *v.* United States, defendant, and Inland Steel Industries, Inc., AK Steel Corp., Bethlehem Steel Corp., Geneva Steel, Gulf States Steel Inc. of Alabama, Laclede Steel Corp., LTV Steel Corp., Inc., National Steel Corp., Sharon Steel Corp., U.S. Steel Group a Unit of USX Corp., and WCI Steel, Inc., defendant-intervenors

Consolidated Court No. 93–09–00592–AD

(Decided May 28, 1996)

*Weil, Gotshal & Manges (A. Paul Victor* and *Martin S. Applebaum)* for plaintiffs.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis), Terrence J. McCartin,* Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Lyn M. Schlitt,* General Counsel, *James A. Toupin,* Deputy General Counsel, United States International Trade Commission *(Cynthia P. Johnson)* for defendant.

*Dewey Ballantine (Alan Wm. Wolff, Michael H. Stein, Guy C. Smith,* and *Kristen M. Neller)* for defendant-intervenors.

*Skadden, Arps, Slate, Meagher & Flom (Robert E. Lighthizer* and *John J. Mangan)* for defendant-intervenors.

### Judgment Order

DiCarlo, *Chief Judge:* In *Usinor Sacilor v. United States,* 907 F. Supp. 426 (Ct. Int'l Trade 1995), the court remanded to Commerce the *Redeterminations on Remand: Certain Hot-Rolled Carbon Steel Flat Products, Certain Cold-Rolled Carbon Steel Flat Products, Certain Corrosion-Resistant Carbon Steel Flat Products, and Certain Cut-to-Length Carbon Steel Plate from France,* (Dep't Comm. 1995) *(First Redetermination on Remand).* In *Usinor,* the court found that because Plaintiffs Usinor Sacilor and its subsidiaries, Sollac and GTS (collectively Usinor) had achieved near total compliance with Commerce's limited reporting arrangement in the face of particular data flaws that were outside of Usinor's control, the inclusion of the highest non-aberrant

margin in the weighted average calculated margin used as Best Information Available (BIA) for Usinor's unmatched downstream sales from related steel service centers was improper. *Usinor,* 907 F. Supp. at 429.

On remand, the court instructed "Commerce to recalculate the weighted average calculated margin without including the highest non-aberrant margins as part of its formulation." *Id.* Commerce has complied with this instruction and has filed with the court its second *Redeterminations on Remand—Final Determinations of Sales at Less Than Fair Value: Certain Hot-Rolled Carbon Steel Flat Products, Certain Cold-Rolled Carbon Steel Flat Products, Certain Corrosion-Resistant Carbon Steel Flat Products, and Certain Cut-To-Length Carbon Steel Plate From France* (Dep't Comm. 1995) *(Second Redetermination on Remand).* The recalculated dumping margins for Usinor and for the "All Others" rate are as follows:

| | |
|---|---|
| Certain Hot-Rolled Carbon Steel Products | 25.80% |
| Certain Cold-Rolled Carbon Steel Products | 44.52% |
| Certain Corrosion-Resistant Carbon Steel Products | 29.41% |
| Certain Cut-to-Length Carbon Steel Plate | 52.76% |

*Second Redetermination on Remand* at 4. The parties have not challenged Commerce's *Second Redetermination on Remand.*

As Commerce has recalculated the weighted average calculated margin without including the highest non-aberrant margins as part of its calculations, the court sustains Commerce's *Second Redetermination on Remand.*